People v Guidice (2020 NY Slip Op 03025)





People v Guidice


2020 NY Slip Op 03025


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2019-00027
 (Ind. No. 495/18)

[*1]The People of the State of New York, respondent,
v
David Guidice, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elena Tomaro and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered November 16, 2018, convicting him of attempted robbery in the second degree (two counts) and criminal contempt in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that the judgment is affirmed.
The defendant challenges the issuance of an order of protection in favor of his children, effective until and including November 16, 2034. The defendant's challenges to the order of protection survive his waiver of the right to appeal the judgment of conviction (see People v Kumar, 127 AD3d 882; People v Cedeno, 107 AD3d 734), and may be raised on appeal from the judgment of conviction (see People v Smith, 15 NY3d 669, 674; People v Nieves, 2 NY3d 310, 312).
However, contrary to the defendant's contention, the issuance of the order of protection with respect to his biological children was proper since they were members of the victim's family and household (see CPL 530.13[4]; People v May, 138 AD3d 1146, 1147; People v Sabo, 117 AD3d 1089; People v Warren, 280 AD2d 75). The defendant did not request a hearing with respect to the order of protection. The County Court noted that he could seek appropriate parental access by an order of the Family Court or the Supreme Court, and the order of protection so provides.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court