People v Gabor (2021 NY Slip Op 01427)





People v Gabor


2021 NY Slip Op 01427


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-09256
 (Ind. No. 313/19)

[*1]The People of the State of New York, respondent,
v
Jed Gabor, appellant.


Paul Skip Laisure, New York, NY (Sam Feldman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered June 27, 2019, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including June 26, 2031, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that the judgment is affirmed.
The duration of the order of protection, which was issued upon the defendant's conviction of burglary in the third degree, is an issue properly before this Court on the appeal from the judgment (see People v Nieves, 2 NY3d 310, 315). However, the defendant's contention with respect to the duration of the order is unpreserved for appellate review, since the defendant did not raise it at sentencing or move to amend the order (see id. at 316-317; People v Sutki S., 185 AD3d 610, 612; People v Rodriguez, 157 AD3d 971). Nonetheless, we reach that contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Sutki S., 185 AD3d at 612; People v Ramos, 164 AD3d 922; People v Ortiz, 25 AD3d 811, 812).
As the People correctly concede, the duration of the order of protection exceeded the maximum time limit set forth in CPL 530.13(4) and failed to take into account the defendant's jail-time credit. Accordingly, we vacate so much of the order as directed that it remain in effect until and including June 26, 2031, and remit the matter to the Supreme Court, Queens County, for a new determination of the duration of the order (see People v Sutki S., 185 AD3d at 612; People v Gooding, 174 AD3d 642).
The defendant's remaining contention is unpreserved for appellate review and we [*2]decline to review it in the exercise of our interest of justice jurisdiction.
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court