People v Thomas (2021 NY Slip Op 02322)





People v Thomas


2021 NY Slip Op 02322


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-03608
 (Ind. No. 2093/18)

[*1]The People of the State of New York, respondent,
v
Darryl Thomas, appellant.


Janet E. Sabel, New York, NY (Kristina Schwarz of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Roni C. Piplani, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie G. Leach, J.), rendered February 25, 2019, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, he validly waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Sanders, 25 NY3d 337; People v Carryl, 169 AD3d 818). Nonetheless, the defendant's contentions that an order of protection should be vacated because the Supreme Court failed to articulate on the record its reasons for issuing the order of protection as required by CPL 530.13(4), and that the court erred in setting the duration of the order, survive his appeal waiver (see People v Guidice, 183 AD3d 913; People v Carryl, 169 AD3d at 820; People v Appiarius, 160 AD3d 889). However, those contentions are unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317; People v DeRobertis, 191 AD3d 898). The defendant failed to raise these issues at sentencing or move to amend the order of protection on these grounds, and we decline to reach them in the exercise of our interest of justice jurisdiction (see People v Nicholson, 190 AD3d 768, 769; People v Colon, 187 AD3d 780; People v Rodriguez, 157 AD3d 971).
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court