People v Jeremiah (2021 NY Slip Op 03052)





People v Jeremiah


2021 NY Slip Op 03052


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-13964
 (Ind. No. 3787/17)

[*1]The People of the State of New York, respondent,
v
Ronald Jeremiah, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Avshalom Yotam, and Coby Ballard of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered October 19, 2018, as amended October 23, 2018, convicting him of criminal sexual act in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, as amended, so much of the order of protection as directed that it remain in effect until and including October 18, 2052, is vacated, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection, consistent herewith; and it is further,
ORDERED that the judgment, as amended, is affirmed.
The defendant contends that on the People's reverse Batson-Kern application (see Batson v Kentucky, 476 US 79, 106; People v Kern, 75 NY2d 638, 657-658), the Supreme Court erred in determining that the People met their prima facie burden of demonstrating purposeful discrimination on the basis of gender as to the defendant's exercise of peremptory challenges. This contention is unpreserved for appellate review as defense counsel proffered race-neutral explanations for her exercise of peremptory challenges without disputing the issue of whether a prima facie case of gender discrimination had been established (see CPL 470.05[2]; People v Carew, 167 AD3d 1032, 1032; People v Thomas, 210 AD2d 515, 515). In any event, the court's determination that the
People established, prima facie, that defense counsel was excluding jurors on the basis of gender, is supported by the record (see People v Grant, 128 AD3d 1088, 1088; People v McCoy, 210 AD2d 508, 509), and therefore will not be disturbed.
The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Pearsall, 171 AD3d 1096, 1096). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions regarding alleged prosecutorial misconduct during summation are unpreserved for appellate review (see CPL 470.05[2]; People v Tonge, 93 NY2d 838, 839-840; People v Rivera, 130 AD3d 655, 656). In any event, most of the challenged remarks either were fair comment on the evidence and the inferences to be drawn therefrom (see People v Gurdon, 153 AD3d 1430, 1431; People v Elder, 152 AD3d 787, 789), or were responsive to comments made by defense counsel during her summation (see People v Mairena, 160 AD3d 986, 988, affd 34 NY3d 473; People v Katzman, 161 AD3d 770, 771-772). To the extent some of the remarks were improper, they were not so "flagrant or pervasive" as to have deprived the defendant of a fair trial (People v Mapp, 188 AD3d 1260, 1261).
The defendant contends that the order of protection issued at the time of sentencing failed to credit him for jail-time served. Initially, we note that this issue is unpreserved for appellate review as the defendant did not challenge the duration of the order of protection at sentencing, or move to amend the order of protection anytime thereafter (see People v Nieves, 2 NY3d 310, 316-317; People v Ramos, 164 AD3d 922, 923). Nevertheless, we reach this issue in the exercise of our interest of justice jurisdiction (see People v Chambers, 177 AD3d 645, 646; People v Ramos, 164 AD3d 922, 923). The order of protection did not credit the defendant for time served. Accordingly, we vacate so much of the order of protection as directed that it remain in effect until and including October 18, 2052, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection (see People v Chambers, 177 AD3d at 646; People v Gooding, 174 AD3d 642, 643).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court