People v Tumolo (2022 NY Slip Op 01817)





People v Tumolo


2022 NY Slip Op 01817


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2018-08539
2018-08541
(Ind. Nos. 993-17, 2599-17)

[*1]The People of the State of New York, respondent,
v
Patrick Tumolo, appellant. 


Mark Diamond, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Suffolk County (Anthony S. Senft, Jr., J.), both rendered June 27, 2018, convicting him of endangering the welfare of a child under Indictment No. 993-17, upon his plea of guilty, and criminal sexual act in the third degree (two counts) under Indictment No. 2599-17, upon a jury verdict, and imposing sentences. The appeal from the judgment rendered under Indictment No. 993-17 brings up for review two orders of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment rendered under Indictment No. 993-17, those portions of the orders of protection which stated that they were issued in accordance with section 530.12 of the Criminal Procedure Law and directed that they remain in effect until and including June 27, 2024, are vacated, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Suffolk County, for a new determination of the duration of the orders of protection and, thereafter, for the issuance of new orders of protection, inter alia, stating that they are issued in accordance with section 530.13 of the Criminal Procedure Law; and it is further,
ORDERED that the judgments are affirmed.
As to Indictment No. 993-17, we find that the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 564-565; People v Sanders, 25 NY3d 337; People v Lopez, 6 NY3d 248, 248). Nonetheless, the defendant's challenges to two orders of protection issued at the time of sentencing survive his valid appeal waiver (see People v Thomas, 193 AD3d 889, 889; People v Casanova, 177 AD3d 582, 582; People v Hanniford, 174 AD3d 921, 922).
The People, in effect, correctly concede that the orders of protection in this case are governed by CPL 530.13(4) rather than CPL 530.12(5) (see id. §§ 530.11; 530.12[5]; 530.13[4]). Contrary to the defendant's contention, the issuance of the orders of protection with respect to the victim's mother and siblings was proper since they were members of the victim's family and household (see id. § 530.13[4]; People v Guidice, 183 AD3d 913, 913; see also People v May, 138 [*2]AD3d 1146, 1147). The defendant's contention that the County Court erred in issuing the orders of protection, because it failed to state the reasons therefor on the record, is unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317). In any event, the contention is without merit.
The defendant's contention with regard to the duration of the orders of protection is unpreserved for appellate review, as the defendant did not challenge the duration of the orders of protection at sentencing, or move to amend the orders of protection anytime thereafter (see CPL 470.05[2]; People v Nieves, 2 NY3d at 316-317). Nonetheless, we reach the issue in the exercise of our interest of justice jurisdiction (see People v Jeremiah, 194 AD3d 840, 840; People v Gabor, 192 AD3d 824, 824). The duration of the orders of protection exceeded the maximum time limit set forth in CPL 530.13(4) since it failed to credit the defendant for time served. Accordingly, we vacate so much of the orders of protection as directed that they remain in effect until and including June 27, 2024, and remit the matter to the County Court, Suffolk County, for a new determination of the duration of the orders of protection (see People v Jeremiah, 194 AD3d at 840; People v Gabor, 192 AD3d at 824).
As to Indictment No. 2599-17, contrary to the People's contention, the defendant preserved for appellate review his challenge to the legal sufficiency of the evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). However, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the People's contention, the defendant's challenge to the County Court's response to a jury note requesting a read-back of the complainant's testimony is preserved for appellate review (see CPL 470.05[2]; People v Mack, 27 NY3d 534, 543). However, we find that the court's response to the note at issue constituted a provident exercise of discretion (see CPL 310.30). In any event, any purported error in the court's response did not seriously prejudice the defendant so as to warrant reversal of the defendant's conviction (see People v Jones, 297 AD2d 256, 257; see also People v Lourido, 70 NY2d 428, 435).
The defendant's contention that the County Court erred in admitting certain text messages into evidence because they constituted inadmissible hearsay and improper bolstering is partially unpreserved for appellate review (see CPL 470.05[2]; People v Craig, 187 AD3d 1039, 1040). In any event, the defendant's contention is without merit, since the text messages at issue were not admitted to prove the truth of their content and were relevant for the nonhearsay purpose of explaining the relationship between the parties and to complete the narrative of events leading to the defendant's arrest (see People v Ludwig, 24 NY3d 221, 232; People v Caro, 162 AD3d 546, 546; see also People v Anderson, 180 AD3d 923, 924, affd 36 NY3d 1109).
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court