People v Torres (2020 NY Slip Op 00622)





People v Torres


2020 NY Slip Op 00622


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-03504
2018-03507

[*1]The People of the State of New York, respondent,
v
Isaias Torres, appellant. (S.C.I. Nos. 173/18, 174/18)


Janet E. Sabel, New York, NY (Dalourny Nemorin of counsel), for appellant) for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Victor Randall on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Gia Morris, J.), both rendered February 13, 2018, convicting him of burglary in the third degree under Superior Court Information No. 173/18, and burglary in the third degree under Superior Court Information No. 174/18, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bryant, 28 NY3d 1094; People v Sanders, 25 NY3d 337, 339-342; People v Batista, 167 AD3d 69, 75). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Bradshaw, 18 NY3d 257, 265; People v Lopez, 6 NY3d 248, 255-256).
Contrary to the People's contention, the defendant's valid appeal waiver did not encompass the right to challenge the validity of an order of protection issued against the defendant at the time of sentencing (see People v Castillo, 174 AD3d 918; People v Seay, 172 AD3d 756, 757). However, the defendant's challenge to the order of protection is unpreserved for appellate review (see People v Nieves, 2 NY3d 310, 315; see People v Flores, ___ AD3d ___, 2019 NY Slip Op 08691 [2d Dept 2019]), and we decline to review it in the exercise of our interest of justice jurisdiction. "[T]he better practice—and best use of judicial resources—is for a defendant . . . to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court