People v Daniel A. (2020 NY Slip Op 03020)





People v Daniel A.


2020 NY Slip Op 03020


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2019-04939
 (Ind. No. 2721/16)

[*1]The People of the State of New York, respondent,
v
Daniel A. (Anonymous), appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a resentence of the Supreme Court, Kings County (Matthew D'Emic, J.), imposed April 11, 2019, after remittitur from this Court for resentencing (see People v Anderson, 170 AD3d 739), on the ground that the resentence was excessive. The appeal brings up for review an order of protection issued at the time of resentencing.
ORDERED that the resentence is affirmed.
The defendant has completed the term of imprisonment imposed on the resentence and, under the circumstances, his contention that it was excessive has been rendered academic (see People v Rose, 181 AD3d 826; People v Worrell, 158 AD3d 828; People v Stockinger, 131 AD3d 550).
The defendant's contention that the Supreme Court should not have issued an order of protection in favor of an individual who was not a "witness" within the meaning of CPL 530.13(4)(a) is without merit. That statute provides, as relevant here, that when a court is sentencing a defendant on a conviction for "any offense," it may issue an order of protection directing the defendant to stay away from "any witness . . . of such offense" (CPL 530.13[4][a]). Here, the record reflects that the order of protection was issued in favor of an individual who had information that was relevant to the offense to which the defendant pleaded guilty (cf. People v Hanniford, 174 AD3d 921, 922; People v Cooke, 119 AD3d 1399, 1401, affd 24 NY3d 1196; People v Creighton, 298 AD2d 774, 776). Accordingly, contrary to the defendant's contention, the court had the authority to issue an order of protection in favor of that individual (see generally People v Harder, 177 AD3d 1336, 1337; cf. Penal Law §§ 215.00, 215.15). To the extent that the Appellate Division, Third Department, has construed the statute more narrowly (see People v Myers, 163 AD3d 1152, 1156; People v Somerville, 72 AD3d 1285, 1288; accord People v Trombley, 91 AD3d 1197, 1203; People v Malone, 3 AD3d 795, 797), we decline to adopt that construction (see generally McKinney's Cons Laws of NY, Book 1, Statutes §§ 275, 321).
The defendant's challenge to the duration of the order of protection is unpreserved for appellate review (see People v Nieves, 2 NY3d 310, 315), and, under the circumstances, we [*2]decline to review that issue in the exercise of our interest of justice jurisdiction (see People v Torres, 179 AD3d 1102; People v Flores, 178 AD3d 726, 726). "[T]he better practice—and best use of judicial resources—is for a defendant . . . to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court