People v Colon (2020 NY Slip Op 05521)





People v Colon


2020 NY Slip Op 05521


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2016-08404
 (Ind. No. 2242/16)

[*1]The People of the State of New York, respondent,
v
Juan Colon, appellant.


Janet E. Sabel, New York, NY (Kristina Schwarz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin P. Murphy, J.), rendered July 11, 2016, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that the judgment is affirmed.
Pursuant to a plea agreement, the defendant pleaded guilty to burglary in the second degree in exchange for a determinate term of imprisonment of five years followed by a period of five years of postrelease supervision. The Supreme Court sentenced the defendant, as a second felony offender, in accordance with the terms of the plea agreement, and issued a permanent order of protection in favor of the victim. The defendant appeals.
The defendant contends that the Supreme Court failed to articulate on the record its reasons for issuing the order as required by CPL 530.13(4), and that the duration of the order of protection exceeded the maximum period permissible under CPL 530.13(4)(A). The defendant's contentions are unpreserved for appellate review, as he failed to raise these issues at sentencing or move to amend the final order of protection on these grounds (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317; People v Ramos, 164 AD3d 922, 923; People v O'Connor, 136 AD3d 945; People v Fortier, 130 AD3d 642, 643), and we decline to reach these issues in the exercise of our interest of justice jurisdiction (see People v Rodriguez, 157 AD3d 971).
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court