People v Nicholson (2021 NY Slip Op 00192)





People v Nicholson


2021 NY Slip Op 00192


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-11537
 (Ind. No. 242/18)

[*1]The People of the State of New York, respondent,
v
Jamel Nicholson, appellant.


Janet E. Sabel, New York, NY (Kristina Schwarz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel,
and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Miller, J.), rendered August 21, 2018, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Pursuant to a plea agreement, the defendant pleaded guilty to burglary in the second degree in exchange for a one-year term of imprisonment. The Supreme Court sentenced the defendant in accordance with the terms of the plea agreement, and issued an order of protection in favor of a witness. The defendant appeals.
The defendant contends that the subject order of protection should be vacated on the basis that Supreme Court failed to articulate on the record its reasons for issuing the order as required by CPL 530.13(4), and also erred in setting the duration of the order. The defendant's contentions are unpreserved for appellate review, as he failed to raise them at sentencing or move to amend the order of protection on these grounds (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317; People v Ramos, 164 AD3d 922, 923; People v O'Connor, 136 AD3d 945; People v Fortier, 130 AD3d 642, 643). We decline to reach these issues in the exercise of our interest of justice jurisdiction (see People v Colon, 187 AD3d 780; People v Daniel A., 183 AD3d 909; People v Rodriguez, 157 AD3d 971). "[T]he better practice—and best use of judicial resources—is for a defendant . . . to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317; see People v Daniel A., 183 AD3d 909).
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court