People v Lampedusa (2021 NY Slip Op 50080(U))

[*1]

People v Lampedusa (Stephen)

2021 NY Slip Op 50080(U) [70 Misc 3d 138(A)]

Decided on February 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1904 Q CR

The People of the State of New York,
Respondent,
against
Stephen Lampedusa, Appellant. 

Appellate Advocates (Martin B. Sawyer of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Sharon Y. Brodt and Aurora
Alvarez-Calderon of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Gia L. Morris, J), rendered August 2, 2018. The judgment convicted defendant, upon his plea of
guilty, of criminal mischief in the fourth degree, and imposed sentence. The appeal brings up for
review an order of protection issued by that court at the time of sentencing.

ORDERED that the judgment of conviction is affirmed.
Pursuant to a plea agreement, defendant pleaded guilty to criminal mischief in the fourth
degree (Penal Law § 145.00 [1]) in exchange for a sentence of 30 days' imprisonment and
the issuance of a full order of protection in favor of the complainant, a homeowner who had
observed the basement window of his home broken, with defendant inside. The Criminal Court
sentenced defendant in accordance with the terms of the plea agreement, and issued a final order
of protection in favor of the complainant.
On appeal, defendant argues that the order of protection issued in the complainant's favor
was improper because they are strangers. While an order of protection issued at the time of
sentencing can be reviewed upon an appeal from the judgment of conviction (see People v Nieves, 2 NY3d 310,
315 [2004]), here, defendant failed to preserve this argument for appellate review, as he failed to
object to the order of protection at sentencing or move to amend the order on this ground
(see CPL 470.05 [2]; People v Nieves, 2 NY3d at 316-318; People v D.A., 184 AD3d 581, 583
[2020]; People v May, 138 AD3d
1146, 1147 [2016]; People v
Foreman, 67 Misc 3d 131[A], 2020 NY Slip Op 50434[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2020]). We decline to review the issue in the exercise of our interest
of justice jurisdiction (see People v
Kennedy, 151 AD3d 1079, 1079-1080 [2017]; People v Bernardini, 142 AD3d
671, 672 [2016]; People v Kumar,
127 AD3d 882, 883 [2015]), as defendant specifically agreed to the [*2]issuance of an order of protection as part of his plea agreement (see People v Smith, 83 AD3d
1213, 1214 [2011]).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 5, 2021