People v Hagood-Fulson (2021 NY Slip Op 02410)





People v Hagood-Fulson


2021 NY Slip Op 02410


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-06450
2018-06451

[*1]The People of the State of New York, respondent,
v
Cire Hagood-Fulson, appellant. (Ind. Nos. 2215/17, 5980/17)


Janet E. Sabel, New York, NY (Adrienne M. Gantt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Dena E. Douglas, J.), both rendered March 28, 2018, convicting him of grand larceny in the fourth degree under Indictment No. 2215/17, and attempted burglary in the third degree under Indictment No. 5980/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that two final orders of protection issued at the time of sentencing should be vacated because the Supreme Court failed to state on the record its reasons for issuing them (see CPL 530.13[4]; People v Moncrieft, 168 AD3d 982) is unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-318; People v Collins, 117 AD3d 1535, 1535), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see People v Colon, 187 AD3d 780, People v Daniel A., 183 AD3d 909; People v Flores, 178 AD3d 726). "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of [final orders of protection] to request relief from the issuing court in the first instance, resorting to appellate courts only if necessary" (People v Nieves, 2 NY3d at 317).
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court