People v Shaquan G. (2021 NY Slip Op 02820)





People v Shaquan G.


2021 NY Slip Op 02820


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-02513
 (Ind. No. 7038/17)

[*1]The People of the State of New York, respondent,
v
Shaquan G. (Anonymous), appellant.


Janet E. Sabel, New York, NY (Kristina Schwarz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Miller, J.), rendered December 21, 2017, adjudicating him a youthful offender, upon his plea of guilty to burglary in the third degree, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court erred in issuing an order of protection at the time of his sentencing because the court failed to "state on the record the reasons for issuing . . . [the] order of protection" (CPL 530.13[4]; see People v Moncrieft, 168 AD3d 982, 985-986). The defendant's contention is unpreserved for appellate review, since he did not raise this issue at the sentencing proceeding or move to amend the final order of protection on this ground (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317; People v Elgut, 164 AD3d 1360, 1361; People v Ramos, 164 AD3d 922, 923). Under the circumstances, we decline to review this issue in the exercise of our interest of justice jurisdiction (see People v Daniel A., 183 AD3d 909, 909-910; People v Flores, 178 AD3d 726, 726; People v Elgut, 164 AD3d at 1361; People v Seeley, 162 AD3d 799, 799; People v Appiarius, 160 AD3d 889; People v Powell, 158 AD3d 824, 824; People v Perry, 156 AD3d 654, 654). "[T]he better practice—and best use of judicial resources—is for a defendant . . . to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317).
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court