People v Mullin (2021 NY Slip Op 50664(U))

[*1]

People v Mullin (Guy)

2021 NY Slip Op 50664(U) [72 Misc 3d 133(A)]

Decided on July 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : DAVID ELLIOT, J.P., WAVNY TOUSSAINT, DONNA-MARIE E. GOLIA,
JJ

2019-526 Q CR

The People of the State of New York,
Respondent,
against
Guy Mullin, Appellant. 

Warren S. Landau, for appellant.
Queens County District Attorney (Johnnette Traill, Ellen C. Abbot and Jessica Coalter of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Gia L. Morris, J., at plea; Bruna L. DiBiase, J., at sentence), rendered February 15, 2019. The
judgment convicted defendant, upon his plea of guilty, of petit larceny and criminal possession of
stolen property in the fifth degree, and imposed sentence. The appeal from the judgment of
conviction brings up for review two orders of protection dated February 15, 2019 issued at the
time of sentencing.

ORDERED that the judgment of conviction is affirmed.
Charged with four felonies, defendant pleaded guilty to the reduced charges of petit larceny
(Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal
Law § 165.40). As part of a negotiated plea agreement, defendant agreed to the imposition
of three years' probation with two full orders of protection. At sentencing, two months later,
defense counsel asked the Criminal Court to set the duration of the orders of protection to three
years, instead of the five-year maximum. The Criminal Court asked defense counsel whether
there was any relationship between the parties, and, upon being advised that there was none,
issued two final five-year full orders of protection.
On appeal, defendant contends solely that the Criminal Court failed to recognize that it had
discretion under CPL 530.13 (4) to determine the duration of the orders of protection, failed
[*2]to exercise any discretion in determining their duration, and,
instead, issued orders with the five-year maximum duration permitted by statute.
At the outset, it is noted that a permanent order of protection entered upon a conviction may
be challenged on an appeal from a judgment of conviction (see People v Nieves, 2 NY3d 310, 315 [2004]). Contrary to the
People's argument, defendant's challenge to the propriety of the order of protection was not
forfeited upon his guilty plea, since his "appellate claim does not challenge what is legitimately
established by [the] plea" (People v
Plunkett, 19 NY3d 400, 406 [2012]; see People v Chambers, 177 AD3d 645 [2019], lv denied 34
NY3d 1127 [2020] [on an appeal from a judgment of conviction entered upon the defendant's
plea of guilty, addressing, in the interest of justice, the defendant's unpreserved argument that the
County Court failed to fix the duration of an order of protection that was issued at the time of
sentencing]; People v Patel, 74
AD3d 1098, 1099 [2010] [finding, on an appeal from a judgment of conviction entered upon
the defendant's plea of guilty, that "[c]ontrary to the defendant's contention, the Supreme Court
did not improvidently exercise its discretion in determinating the duration of the final order of
protection entered against him"]; see
also People v Nicholson, 190 AD3d 768 [2021]; People v Lampedusa, 70 Misc 3d 138[A], 2021 NY Slip Op
50080[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; cf. People v Konieczny, 2 NY3d
569, 572-573 [2004] [on an appeal from a judgment convicting the defendant, upon his plea
of guilty, of criminal contempt in the second degree based upon his violation of an order of
protection, finding that the defendant's collateral attack upon the underlying order of protection
did not survive his guilty plea]). Furthermore, defendant raised an objection with respect to the
duration of the orders of protection at the initial sentencing date and on the date he was actually
sentenced. Thus, contrary to the People's argument, defendant's claim was properly preserved for
appellate review (see CPL 470.05 [2]).
Contrary to defendant's contention, the Criminal Court properly determined the duration of
the final orders of protection entered against him under the circumstances presented (see
CPL 530.13 [4]). As part of the plea agreement, defendant agreed to the imposition of two full
orders of protection which, the court noted, would typically be for the maximum term in the
absence of any agreement to the contrary. As the record reflects that there was no agreement to
the contrary, the issuance of two five-year orders of protection was not an improvident exercise
of the court's discretion. 
Accordingly, the judgment of conviction is affirmed.
ELLIOT, J.P., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 9, 2021