People v Walker (2021 NY Slip Op 50720(U))

[*1]

People v Walker (Charles)

2021 NY Slip Op 50720(U) [72 Misc 3d 135(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2018-2480 RI CR

The People of the State of New York,
Respondent, 
against
Charles Walker, Appellant. 

Appellate Advocates (Patty C. Walton of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County
(Gerianna Abriano, J.), rendered November 9, 2018. The judgment convicted defendant, upon his
plea of guilty, of criminal contempt in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty to criminal contempt in the second degree (Penal Law §
215.50 [3]), and, at the time of sentencing, a final five-year order of protection was issued in
favor of the complainant. On appeal, defendant argues that there was no necessity for an order of
protection and, in any event, the Criminal Court failed to articulate its reasons on the record for
the order's issuance. Consequently, this court should vacate, or reduce the duration of, the order
of protection.
While an order of protection issued at the time of sentencing can be reviewed upon an appeal
from the judgment of conviction (see
People v Nieves, 2 NY3d 310, 315 [2004]), here, defendant's challenge to the final order
of protection entered against him is unpreserved for appellate review because defendant neither
raised these issues at sentencing nor moved to vacate or adjust the duration of the final order of
protection (see CPL 470.05 [2]; People v Nieves, 2 NY3d at 316-317; People v Swinton, 63 Misc 3d
156[A], 2019 NY Slip Op 50825[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]). We decline to review defendant's contention in the exercise of our interest of justice
jurisdiction (see People v
Rodriguez, 157 AD3d 971 [2018]; People v Samuels, 61 Misc 3d 152[A], 2018 NY Slip Op 51786[U]
[App Term, 2d Dept, [*2]2d, 11th & 13th Jud Dists 2018]).
We note that the Court of Appeals has stated that "the better practice—and best use of
judicial resources—is for a defendant seeking adjustment of [a final order of protection] to
request relief from the issuing court in the first instance" whereby a defendant "can expeditiously
obtain correction of the order[] and, even if not successful, will have created a record that will
facilitate appellate review" (People v Nieves, 2 NY3d at 317).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021