People v Rivera-Hernandez (2021 NY Slip Op 06708)





People v Rivera-Hernandez


2021 NY Slip Op 06708


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2018-14508
 (Ind. No. 8189/17)

[*1]The People of the State of New York, respondent,
v
Luis D. Rivera-Hernandez, appellant.


Janet E. Sabel, New York, NY (Kristina Schwarz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Isaac Belenkiy on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Suzanne M. Mondo, J., at plea; Vincent Del Giudice, J., at sentence), rendered October 15, 2018, convicting him of grand larceny in the fourth degree and petit larceny, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that three final orders of protection issued at the time of sentencing should be vacated because the Supreme Court failed to state on the record its reasons for issuing them (see CPL 530.13[4]; People v Moncrieft, 168 AD3d 982, 985) is unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-318; People v Shaquan G., 194 AD3d 744). Under the circumstances, we decline to reach the issue in the exercise of our interest of justice jurisdiction (see People v Hagood-Fulson, 193 AD3d 973, 973; People v Brown, 191 AD3d 896). "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of [final orders of protection] to request relief from the issuing court in the first instance, resorting to appellate courts only if necessary" (People v Nieves, 2 NY3d at 317; see People v Hagood-Fulson, 193 AD3d at 973-974).
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court