People v Douglas (2022 NY Slip Op 03006)





People v Douglas


2022 NY Slip Op 03006


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.


2018-14318

[*1]The People of the State of New York, respondent,
v
Jalen Douglas, appellant. (S.C.I. No. 2220/18)


Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Theresa Yuan on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J., at plea; Gia L. Morris, J., at sentence), rendered October 22, 2018, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating so much of the sentence as imposed a mandatory surcharge, DNA databank fee, and crime victim assistance fee; as so modified, the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant made a knowing, intelligent, and voluntary waiver of his right to appeal (see People v Bradshaw, 18 NY3d 257, 264). The written appeal waiver mischaracterized the nature of the waiver as an absolute bar to the taking of a direct appeal and a forfeiture of the attendant right to counsel and poor person relief (see People v Bisono, 36 NY3d 1013, 1015-1016; People v Thomas, 34 NY3d 545, 566), and the Supreme Court's brief oral colloquy with the defendant did not address or otherwise cure the mischaracterizations and inaccuracies in the written waiver (see People v Thomas, 34 NY3d at 566). Accordingly, the purported appeal waiver does not bar appellate review of the defendant's contention that the sentence imposed was excessive.
The sentence imposed was not excessive (see CPL 470.15[6][b]; People v Delgado, 80 NY2d 780, 783; People v Thompson, 60 NY2d 513, 519).
However, as consented to by the People, and pursuant to the exercise of our interest of justice jurisdiction, we modify the judgment by vacating so much of the sentence as imposed a mandatory surcharge and fees (see CPL 420.35[2-a][c]; People v Santillan, 200 AD3d 1074, 1075; People v Rudd, 200 AD3d 912; People v Dyshawn B., 196 AD3d 638).
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court