People v Gonzalez (2022 NY Slip Op 04644)

People v Gonzalez

2022 NY Slip Op 04644

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2016-05354
2016-05356
 (Ind. No. 1363/15, S.C.I. No. 1995/16)

[*1]The People of the State of New York, respondent,
v
Angel Gonzalez, appellant.

Patricia Pazner, New York, NY (Emily T. Lurie of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, and Rebecca Height of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (William Miller, J.), both rendered April 15, 2016, convicting him of burglary in the third degree under Superior Court Information No. 1995/16, and burglary in the second degree and burglary in the third degree (five counts) under Indictment No. 1363/15, upon his pleas of guilty, and imposing sentences. The appeals bring up for review seven orders of protection, one under Superior Court Information No. 1995/16 and six under Indictment No. 1363/15, issued at the time of sentencing.
ORDERED that upon the appeals from the judgments, so much of the order of protection issued under Superior Court Information No. 1995/16 as directed that it remain in effect until April 15, 2030, and so much of the orders of protection issued under Indictment No. 1363/15 as directed that they remain in effect until April 15, 2035, are vacated, on the law, and the matters are remitted to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection; and it is further,
ORDERED that the judgments are affirmed.
Following his pleas of guilty, the defendant was convicted of one count of burglary in the third degree under Superior Court Information No. 1995/16, and one count of burglary in the second degree and five counts of burglary in the third degree under Indictment No. 1363/15. At sentencing, order of protections were entered in favor of each of the complainants.
The defendant contends that the orders of protection issued under Indictment 1363/15 should be vacated because the Supreme Court failed to articulate on the record its reasons for issuing the orders of protection as required by CPL 530.13(4). However, this contention is unpreserved for appellate review, as the defendant failed to raise this issue at sentencing (see id. § 470.05[2]; People v Nieves, 2 NY3d 310, 316-317; People v Shaquan G., 194 AD3d 744), and we decline to reach this contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Lopez, 200 AD3d 805; People v Shaquan G., 194 AD3d 744; People v Daniel A., 183 AD3d 909, 909-910; People v Flores, 178 AD3d 726; People v Elgut, 164 AD3d 1360, 1361; People v Seeley, 162 AD3d 799; People v Appiarius, 160 AD3d 889). "'[T]he better practice—and the best use of judicial resources—is for a defendant seeking adjustment of [final orders of protection is] to request [*2]relief from the issuing court in the first instance, resorting to appellate courts only if necessary'" (People v Rivera-Hernandez, 200 AD3d 721, 722, quoting People v Nieves, 2 NY3d at 317, see also People v Hagood-Fulson, 193 AD3d 973).
Additionally, the defendant contends that the duration of the orders of protection issued under Indictment No. 1363/16, as well as the duration of the order of protection issued under Superior Court Information No. 1995/16, at the time of sentencing, exceeds the statutory maximum. Although the defendant failed to object to the duration of the orders of protection, "[s]ince the Supreme Court did not announce the duration of the orders of protection at either the plea or sentencing proceedings, the defendant had no practical ability to register a timely objection on this ground, and, thus, the rule of preservation does not apply" (People v O'Sullivan, 198 AD3d 986, 987, citing People v Clark, 155 AD3d 1185).
CPL 530.13(4)(a) states that the maximum duration for an order of protection in a case of a conviction for a felony, such as the instant case, is the greater of eight years from the date of such sentencing or eight years from the date of the expiration of the maximum term of an indeterminate or the term of a determinate sentence of imprisonment actually imposed (see id.). Here, the duration of the order of protection issued under Superior Court Information No. 1995/16 and the duration of the orders of protection issued under Indictment No. 1363/15 exceeded the maximum time limit set forth in CPL 530.13(4). Accordingly, we vacate the durational provisions of these orders of protection and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection.
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court