People v Tlatelpa (2022 NY Slip Op 50912(U))

[*1]

People v Tlatelpa (Alex)

2022 NY Slip Op 50912(U) [76 Misc 3d 132(A)]

Decided on September 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-319 Q CR

The People of the State of New York,
Respondent,
against
Alex Tlatelpa, Appellant. 

Appellate Advocates (Anna Kou of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and William H. Branigan of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Jerry M. Iannece, J.), rendered January 8, 2020. The judgment convicted defendant, upon his
plea of guilty, of endangering the welfare of a child, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty to endangering the welfare of a child (Penal Law § 260.10
[1]), and, at the time of sentencing, a final five-year order of protection was issued in favor of the
complainant. On appeal, defendant argues that this court should vacate the order of protection
because the Criminal Court failed to articulate its reasons for the order's issuance or, in the
alternative, reduce the duration of the order.
While an order of protection issued at the time of sentencing can be reviewed upon an appeal
from the judgment of conviction (see
People v Nieves, 2 NY3d 310, 315 [2004]), here, defendant's challenge to the final order
of protection issued against him is unpreserved for appellate review because defendant failed to
object to the issuance of the order of protection, or to the duration thereof, at sentencing and did
not move to vacate or amend the order in the Criminal Court (see CPL 470.05 [2];
Nieves, 2 NY3d at 316-317; People v Etienne, 70 Misc 3d 144[A], 2021 NY Slip Op 50212[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; [*2]People v Swinton, 63 Misc 3d
156[A], 2019 NY Slip Op 50825[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]). We decline to review defendant's contention in the exercise of our interest of justice
jurisdiction (see People v
Rodriguez, 157 AD3d 971 [2018]). 
We note that the Court of Appeals has stated that "the better practice—and best use of
judicial resources—is for a defendant seeking adjustment of [a final order of protection] to
request relief from the issuing court in the first instance" whereby the defendant "can
expeditiously obtain correction of the order[] and, even if not successful, will have created a
record that will facilitate appellate review" (Nieves, 2 NY3d at 317; see People v Gibson-Parish, 153 AD3d
1273 [2017]). If it is defendant's view that the order of protection is no longer necessary,
defendant's remedy, if he be so advised, is to move in the Criminal Court to vacate or amend the
order (see People v Samuels, 61
Misc 3d 152[A], 2018 NY Slip Op 51786[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2018]). 
Accordingly, the judgment of conviction is affirmed. 
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 2, 2022