People v Linares (2024 NY Slip Op 51199(U))

[*1]

People v Linares (Damayanta)

2024 NY Slip Op 51199(U)

Decided on August 30, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 30, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-831 Q CR

The People of the State of New York, Respondent,
against
Damayanta Linares, Appellant. 

Appellate Advocates (Russ Altman-Merino of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Charles T. Pollak of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Jeffrey Gershuny, J., at plea; Edwin I. Novillo, J., at sentence), rendered September 19, 2022. The judgment convicted defendant, upon a plea of guilty, of petit larceny, and imposed sentence. The appeal from the judgment of conviction brings up for review the propriety of a final order of protection.

ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty to petit larceny (Penal Law § 155.25), and, at the time of sentencing, a five-year final order of protection was issued in favor of the complainant. On appeal, defendant argues that this court should vacate the order of protection because the Criminal Court failed to articulate its reasons for the order's issuance (see CPL 530.13 [4]).
While an order of protection issued at the time of sentencing can be reviewed upon an appeal from the judgment of conviction (see People v Nieves, 2 NY3d 310, 315 [2004]), here, defendant's challenge to the final order of protection issued against her is unpreserved for appellate review because defendant failed to object to the issuance of the order of protection at [*2]sentencing and did not move to vacate or amend the order in the Criminal Court (see CPL 470.05 [2]; People v Nieves, 2 NY3d at 316-317; People v Tlatelpa, 76 Misc 3d 132[A], 2022 NY Slip Op 50912[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; People v Etienne, 70 Misc 3d 144[A], 2021 NY Slip Op 50212[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). We decline to review defendant's contention in the exercise of our interest of justice jurisdiction (see People v Colon, 204 AD3d 938, 939 [2022]; People v Rivera-Hernandez, 200 AD3d 721, 722 [2021]). We note that the Court of Appeals has stated that "the better practice—and best use of judicial resources—is for a defendant seeking adjustment of [a final order of protection] to request relief from the issuing court in the first instance," whereby the defendant "can expeditiously obtain correction of the order[ ] and, even if not successful, will have created a record that will facilitate appellate review" (People v Nieves, 2 NY3d at 317; see People v Martinez, 214 AD3d 1004, 1004 [2023]).
Accordingly, the judgment of conviction is affirmed.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 30, 2024