People v Daniel (2024 NY Slip Op 06055)

People v Daniel

2024 NY Slip Op 06055

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2022-09929

[*1]The People of the State of New York, respondent,
v
Anthony Daniel, appellant. (S.C.I. No. 73110/22)

Patricia Pazner, New York, NY (Tina Peng of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle S. Fenn of counsel; Michael G. Kosowski on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Jerry M. Iannece, J.), rendered November 18, 2022, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that the judgment is affirmed.
The defendant's contention that the order of protection should be vacated because the Supreme Court failed to state on the record the reasons for issuing it is unpreserved for appellate review, since he did not raise the issue at the sentencing proceeding or move to vacate the order of protection on this ground (see People v Nicholson, 190 AD3d 768, 768; People v O'Connor, 136 AD3d 945, 945). Under the circumstances, including that the order of protection was an express component of the plea bargain, we decline to review this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v O'Sullivan, 198 AD3d 986, 987).
Although the defendant did not object to the duration of the order of protection, he had no practical ability to do so, as the Supreme Court did not announce the duration at either the plea or sentencing proceedings (see People v Gonzalez, 207 AD3d 656, 657). However, the defendant's contention regarding the duration of the order of protection is without merit (see CPL 530.13[4]; People v Zhiminaicela-Duchitanga, 214 AD3d 1005, 1005).
DUFFY, J.P., CHRISTOPHER, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court