People v Mickens (2024 NY Slip Op 06213)

People v Mickens

2024 NY Slip Op 06213

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-10041
 (Ind. No. 74311/21)

[*1]The People of the State of New York, respondent,
v
Shaun Mickens, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Lauren Slattery on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Abena Darkeh, J.), rendered November 28, 2022, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court had the authority to issue an order of protection in favor of two of the individuals named therein who were witnesses to the offense of which the defendant was convicted (see People v Daniel A., 183 AD3d 909).
The defendant's further contention that the order of protection should be vacated because the Supreme Court failed to state on the record its reasons for issuing it is unpreserved for appellate review, as he did not raise this contention at sentencing or move to amend the order of protection on this ground (see CPL 470.05[2]; People v Demilio, 227 AD3d 1098; People v Shaquan G., 194 AD3d 744). Under the circumstances, we decline to review this issue in the exercise of our interest of justice jurisdiction (see People v Shaquan G., 194 AD3d at 744). The better practice—and best use of judicial resources—is for a defendant seeking adjustment of an order of protection to request relief from the issuing court in the first instance, resorting to the appellate court only if necessary (see People v Nieves, 2 NY3d 310, 317; People v Demilio, 227 AD3d at 1100-1101).
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court