People v Morel (2024 NY Slip Op 06361)

People v Morel

2024 NY Slip Op 06361

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2022-05406 
2022-05408

[*1]The People of the State of New York, respondent,
v
Domingo Morel, appellant. (Ind. Nos. 71676/21, 73431/21)

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Lauren Slattery on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Phyllis Chu, J.), both rendered June 24, 2022, convicting him of attempted assault in the first degree under Indictment No. 71676/21, and criminal contempt in the first degree under Indictment No. 73431/21, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of mandatory surcharges and fees; as so modified, the judgments are affirmed.
"Criminal Procedure Law § 420.35(2-a) permits the waiver of surcharges and fees for individuals, like the defendant, who were less than 21 years old at the time of the subject crime" (People v Cabrera, 222 AD3d 878, 879). Pursuant to the exercise of our interest of justice jurisdiction, and as the People do not oppose the granting of this relief, we modify the judgments by vacating the surcharges and fees imposed on the defendant at sentencing (see CPL 420.35[2-a][c]; People v Jackson, 225 AD3d 712; People v Douglas, 205 AD3d 732, 732).
The defendant's contention that the orders of protection issued at the time of sentencing should be vacated because the Supreme Court failed to state on the record its reasons for issuing them (see CPL 530.13[4]; People v Moncrieft, 168 AD3d 982) is unpreserved for appellate review (see CPL 470.05[2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see People v Hagood-Fulson, 193 AD3d 973; People v Colon, 187 AD3d 780).
The sentence imposed under Indictment No. 71676/21 was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court