People v Carryl (2025 NY Slip Op 50827(U))

[*1]

People v Carryl (Selwin)

2025 NY Slip Op 50827(U)

Decided on May 9, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 9, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2022-764 Q CR

The People of the State of New York, Respondent,
against
Selwin Carryl, Appellant. 

Appellate Advocates (Angad Singh of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and William H. Branigan of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Marty J. Lentz, J.), rendered July 22, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal trespass in the third degree, and imposed sentence. The appeal brings up for review an order of protection issued at the time of sentencing.

ORDERED that, upon the appeal from the judgment of conviction, the order of protection is vacated, on the law; and it is further,
ORDERED that the judgment of conviction is affirmed.
On July 22, 2022, defendant pleaded guilty to the added charge of criminal trespass in the third degree (Penal Law § 140.10) in satisfaction of an accusatory instrument that initially had charged him with robbery in the third degree (Penal Law § 160.05), three counts of criminal contempt in the first degree (Penal Law § 215.51 [b]), assault in the third degree (Penal Law § 120.00 [1]), two counts of criminal mischief in the fourth degree (Penal Law § 145.00 [1]), and three counts of harassment in the second degree (Penal Law § 240.26 [1]), for which the Criminal Court (Marty J. Lentz, J.) sentenced defendant to 60 days' imprisonment and issued a full order of protection, which, by its terms, was set to expire on July 21, 2027. On appeal, defendant contends that the court erred in setting the expiration date of the order of protection in excess of the statutory maximum legal duration.
The duration of an order of protection issued upon a defendant's conviction may be [*2]challenged by the defendant on an appeal from the judgment of conviction (see People v Nieves, 2 NY3d 310, 315 [2004]; People v Walker, 72 Misc 3d 135[A], 2021 NY Slip Op 50720[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; People v Mullin, 72 Misc 3d 133[A], 2021 NY Slip Op 50664[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). Furthermore, a challenge to the propriety of an order of protection is not forfeited upon a guilty plea (see People v Plunkett, 19 NY3d 400, 406 [2012]; People v Chambers, 177 AD3d 645 [2019]; Mullin, 2021 NY Slip Op 50664[U]). Although defendant did not object to the duration of the order of protection as exceeding the statutory maximum allowed, since the Criminal Court did not announce the duration of the order of protection at the combined plea and sentencing proceeding, defendant had no practical ability to register a timely objection on this ground (see People v Gonzalez, 207 AD3d 656 [2022]; People v O'Sullivan, 198 AD3d 986 [2021]). Thus, the rule of preservation does not apply here (see Gonzalez, 207 AD3d at 657; O'Sullivan, 198 AD3d at 987). 
Pursuant to Penal Law § 140.10, criminal trespass in the third degree is a class B misdemeanor. Thus, the duration of the subject order of protection, which by its terms, is set to expire on July 21, 2027, exceeds the maximum permissible period under CPL 530.12 (5) (C) (see People v Lamontagne, 210 AD3d 797 [2022] [finding that the order of protection failed to comply with CPL 530.12 (5) (A)]; O'Sullivan, 198 AD3d 986 [finding that the order of protection failed to comply with CPL 530.13 (4) (A)]; People v Peterkin, 27 AD3d 666 [2006] [finding that the order of protection failed to comply with CPL 530.13 (4) (B)]). Pursuant to CPL 530.12 (5) (C), the duration of an order of protection issued in connection with a conviction for any offense other than a felony or class A misdemeanor "shall not exceed the greater of: (i) two years from the date of sentencing, or (ii) two years from the date of the expiration of the maximum term of a definite or intermittent term actually imposed." Regardless of which provision of CPL 530.12 (5) (C) is applied here, as the legal duration for the order of protection issued here has already expired, we vacate it.
Accordingly, the order of protection is vacated and the judgment of conviction is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 9, 2025