People v Baker (2020 NY Slip Op 00291)





People v Baker


2020 NY Slip Op 00291


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2014-07130
 (Ind. No. 6455/11)

[*1]The People of the State of New York, respondent,
v
Ralph Baker, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Richard K. Farrell of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered June 20, 2014, convicting him of grand larceny in the second degree, attempted grand larceny in the second degree, offering a false instrument for filing in the first degree (six counts), falsely reporting an incident in the third degree, and criminal trespass in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review orders of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the orders of protection as directed that they remain in effect until and including June 20, 2034, are vacated, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection, taking into account the defendant's jail-time credit; and it is further,
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt as to each of the crimes. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's claim of ineffective assistance of counsel, based solely upon his counsel's failure to preserve for appellate review his contention that the evidence was legally insufficient to support all of his convictions, is without merit (see People v Edwards, 164 AD3d 830, 831).
The defendant's contention, raised in his pro se supplemental brief, that the evidence [*2]before the grand jury was legally insufficient to support the charges of which he was convicted is not reviewable on appeal, as the defendant was convicted at trial based on legally sufficient evidence (see CPL 210.30[6]; People v McCray, 61 AD3d 999).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
As the People concede, the duration of the orders of protection issued at sentencing exceeded the maximum time limit set forth in CPL 530.13(4) and failed to take into consideration the defendant's jail-time credit. Accordingly, we vacate so much of the orders of protection as directed that they remain in effect until and including June 20, 2034, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection (see People v Gooding, 174 AD3d 642, 643; People v Ramos, 164 AD3d 922, 923-924).
The defendant's remaining contentions raised in his pro se supplemental brief are without merit.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court