People v Brissett (2021 NY Slip Op 04489)





People v Brissett


2021 NY Slip Op 04489


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-12854

[*1]The People of the State of New York, respondent,
v
Wesley Brissett, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Alan J. Meyer, J.), rendered October 3, 2017, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to attempted robbery in the second degree, in full satisfaction of a superior court information. He also pleaded guilty to an unrelated misdemeanor charge, in full satisfaction of a different accusatory instrument. The defendant was sentenced to a definite term of imprisonment of one year on the attempted robbery conviction and a definite term of imprisonment of one year on the misdemeanor conviction. The Supreme Court directed the sentences to run concurrently with each other. The defendant appeals from the judgment convicting him of attempted robbery in the second degree.
On appeal, the defendant contends that his negotiated sentence will have unfavorable immigration consequences which could have been avoided with a 364-day sentence. Citing to both the State and Federal Constitutions, the defendant contends that his attorney was ineffective in failing to secure "an immigration-safer plea [agreement]." The defendant alternatively argues that, in light of the immigration consequences of his sentence, the definite term of imprisonment of one year is cruel and unusual under the State and Federal Constitutions. Finally, the defendant asks this Court to reduce his term of imprisonment in the interest of justice.
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's definite term of imprisonment of one year on his conviction of attempted robbery in the second degree was not excessive (see People v Suitte, 90 AD2d 80).
As the defendant correctly concedes, his remaining contention is unpreserved for appellate review (see CPL 470.05[2]; People v Williams, 120 AD3d 721, 724). In any event, the contention is without merit.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court