People v O'Sullivan (2021 NY Slip Op 05871)





People v O'Sullivan


2021 NY Slip Op 05871


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2020-08129
 (Ind. No. 247/20)

[*1]The People of the State of New York, respondent,
v
John O'Sullivan, appellant.


Patricia Pazner, New York, NY (Caitlyn Carpenter of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle S. Fenn of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered August 18, 2020, convicting him of arson in the fourth degree and reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence. The appeal from the judgment brings up for review 10 orders of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, the durational provisions of the orders of protection are vacated, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the duration of the orders of protection; and it is further,
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to arson in the fourth degree and reckless endangerment in the first degree, admitting that he intentionally started a fire in the early morning hours of May 27, 2019, endangering the lives of numerous occupants of an apartment building. In addition to the negotiated sentence, the plea agreement included 10 orders of protection to be issued against the defendant and in favor of the victims of the fire. On appeal, the defendant contends that the sentence imposed was unduly harsh and severe, and that the orders of protection should be vacated.
The defendant's contention that the orders of protection should be vacated because the court failed to "state on the record the reasons for issuing . . . [the] order[s] of protection" (CPL 530.13[4]), is unpreserved for appellate review, since he did not raise this issue at the sentencing proceeding or move to vacate the final orders of protection on this ground (see People v Nieves, 2 NY3d 310, 315-317; People v Shaquan G., 194 AD3d 744; People v Hagood-Fulson, 193 AD3d 973; People v Rodriguez, 191 AD3d 807, 808). Under the circumstances, including that the orders of protection were an express component of the plea bargain, we decline to review this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]).
However, as the People correctly concede, none of the orders of protection comply with the requirements of CPL 530.13, as two failed to specify any duration, and the duration of the other eight exceeded the maximum time limit set forth in CPL 530.13(4)(A) and failed to take into account the defendant's jail-time credit (see CPL 530.13[4]; People v Sutki S., 185 AD3d 610, 612; [*2]People v Ramos, 164 AD3d 922, 923-924; People v Ortiz, 25 AD3d 811, 812). Since the Supreme Court did not announce the duration of the orders of protection at either the plea or sentencing proceedings, the defendant had no practical ability to register a timely objection on this ground, and, thus, the rule of preservation does not apply (see People v Clark, 155 AD3d 1184, 1185; see generally People v Conceicao, 26 NY3d 375, 381-382). Accordingly, we vacate the durational provisions of the orders of protection and remit the matter to the Supreme Court, Queens County, for a new determination of the duration of all of the orders of protection.
The sentence imposed was not unduly harsh or severe (see CPL 470.15[6][b]).
MASTRO, J.P., HINDS-RADIX, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court