People v Rodriguez (2022 NY Slip Op 01466)





People v Rodriguez


2022 NY Slip Op 01466


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.


2020-08652
2021-02055
 (Ind. No. 5267/14)

[*1]The People of the State of New York, respondent,
v
Felix Rodriguez, appellant.


Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a resentence of the Supreme Court, Kings County (Evelyn Laporte, J.), imposed October 22, 2020, upon his conviction of course of sexual conduct against a child in the first degree, upon his plea of guilty, and (2) a resentence of the same court imposed February 9, 2021, upon the same conviction. The appeal from the resentence imposed October 22, 2020, brings up for review an order of protection issued at the time of that resentencing.
ORDERED that the appeal from the resentence imposed October 22, 2020, is dismissed except insofar as it brings up for review the order of protection issued at the time of that resentencing; and it is further,
ORDERED that upon the appeal from the resentence imposed October 22, 2020, the durational provision of the order of protection is vacated, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection; and it is further,
ORDERED that the resentence imposed February 9, 2021, is affirmed.
As conceded by the People on appeal, the duration of the order of protection failed to take into account the defendant's jail-time credits and otherwise exceeded the maximum duration as set forth in CPL 530.13(4) (see People v O'Sullivan, 198 AD3d 986, 987; People v Sutki S., 185 AD3d 610, 612; People v Ramos, 164 AD3d 922, 923-924; People v Ortiz, 25 AD3d 811, 812). Accordingly, we vacate the durational provision of the order of protection and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection.
The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court