People v Byers (2022 NY Slip Op 06939)

People v Byers

2022 NY Slip Op 06939

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-03076
 (Ind. No. 8966/16)

[*1]The People of the State of New York, respondent,
v
Lori Byers, appellant. Mark Diamond, New York, NY, for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered February 25, 2020, convicting her of possessing a sexual performance by a child, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the five orders of protection issued at her sentencing should be vacated is unpreserved for appellate review, as she failed to object to those orders of protection at sentencing or otherwise raise the issue before the Supreme Court (see CPL 470.05[2]; People v O'Sullivan, 198 AD3d 986, 987; People v May, 138 AD3d 1146, 1147), and we decline to review it in the exercise of our interest of justice jurisdiction since the defendant agreed to the issuance of these orders as part of her plea agreement (see People v D.A., 184 AD3d 581, 583; People v Smith, 83 AD3d 1213, 1214).
The defendant's contentions regarding the voluntariness of the plea are unpreserved for appellate review (see CPL 220.60[3]; People v Williams, 27 NY3d 212, 221-222; People v Tyrell, 22 NY3d 359, 363), and, in any event, without merit.
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court