People v Zhiminaicela-Duchitanga (2023 NY Slip Op 01693)

People v Zhiminaicela-Duchitanga

2023 NY Slip Op 01693

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-08693
 (Ind. No. 196/19)

[*1]The People of the State of New York, respondent,
v
Carlos Zhiminaicela-Duchitanga, appellant. Mark Diamond, New York, NY, for appellant.

Thomas E. Walsh II, District Attorney, New City, NY (Mark A. Butler of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Kevin F. Russo, J.), rendered October 13, 2020, convicting him, upon his plea of guilty, of rape in the first degree, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that the judgment is affirmed.
The duration of the order of protection, which was issued upon the defendant's conviction of rape in the first degree, is an issue properly before this Court on the appeal from the judgment (see People v Nieves, 2 NY3d 310, 315). However, the defendant's contention regarding the duration of the order of protection issued at the time of sentencing is unpreserved for appellate review, since the defendant did not raise that contention at sentencing or move to amend the order of protection (see id. at 316-317; People v Lamontagne, 210 AD3d 797). In any event, the defendant's contention regarding the duration of the order of protection is without merit (see CPL 530.13[4][A]; People v Sanchez, 19 NY3d 100).
The defendant's contention that the order of protection should be vacated because the Supreme Court failed to state on the record the reasons for issuing it (see CPL 530.12[5]) is unpreserved for appellate review, since he failed to object to the order of protection at sentencing or otherwise raise the issue before the court (see CPL 470.05[2]; People v Regan, 204 AD3d 833). Under the circumstances presented, we decline to review that contention in the exercise of our interest of justice jurisdiction (see People v Holmes, 206 AD3d 761; People v Regan, 204 AD3d 833; People v DeRobertis, 191 AD3d 898).
The defendant's remaining contentions are unpreserved for appellate review, and in any event, without merit.
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court