People v Luis R. (2023 NY Slip Op 02332)

People v Luis R.

2023 NY Slip Op 02332

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2022-00302 
2022-00303

[*1]The People of the State of New York, respondent, 
v
Luis R. (Anonymous), appellant. (Ind. Nos. 1601/19, 4319/19)

Patricia Pazner, New York, NY (David Greenberg of counsel; Russ Altman-Merino on the memorandum), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Ashley Lino-Frazier on the memorandum), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Dena E. Douglas, J.), both rendered December 14, 2021, convicting him of criminal possession of a firearm under Indictment No. 1601/19, and assault in the second degree under Indictment No. 4319/19, upon his pleas of guilty, and imposing sentences. The appeal from the judgment under Indictment No. 4319/19 brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment under Indictment No. 4319/19, so much of the order of protection as directed that it remain in effect until and including December 13, 2033, is vacated, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgments are affirmed.
Although the defendant did not object to the duration of the order of protection as failing to credit him for jail time, he had no practical ability to register a timely objection on this ground, since the Supreme Court did not announce the duration of the order of protection at either the plea or sentencing proceedings (see People v Gonzalez, 207 AD3d 656, 657; People v O'Sullivan, 198 AD3d 986, 987). Thus, the rule of preservation does not apply (see People v Gonzalez, 207 AD3d at 657; People v O'Sullivan, 198 AD3d at 987). The order of protection issued at the time of sentencing under Indictment No. 4319/19 did not credit the defendant for jail-time served. Thus, we vacate so much of the order of protection as directed that it remain in effect until and including December 13, 2033, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection (see People v Jeremiah, 194 AD3d 840, 842; People v Baker, 179 AD3d 827).
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Stevens, 203 AD3d 958).
DUFFY, J.P., CHRISTOPHER, WOOTEN, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court