People v Delaurentis (2023 NY Slip Op 02326)

People v Delaurentis

2023 NY Slip Op 02326

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-04323 
2021-04324

[*1]The People of the State of New York, respondent,
v J. David Delaurentis, appellant. (Ind. Nos. 2685/17, 3523/19)

Patricia Pazner, New York, NY (David P. Greenberg of counsel; Russ Altman-Merino on the memorandum), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Keith Dolan of counsel; Darci Siegel on the memorandum), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Matthew D'Emic, J.), both rendered May 18, 2021, convicting him of aggravated family offense and criminal contempt in the second degree under Indictment No. 2685/17, and criminal contempt in the first degree and criminal contempt in the second degree under Indictment No. 3523/19, upon his pleas of guilty, and imposing sentences. The appeals bring up for review two orders of protection issued at the time of sentencing.
ORDERED that upon the appeals from the judgments, so much of the orders of protection as directed that they remain in effect until and including May 18, 2032, are vacated, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection consistent herewith; and it is further,
ORDERED that pending the new determination as to the duration of the orders of protection, the orders of protection shall remain in effect; and it is further,
ORDERED that the judgments are affirmed.
Contrary to the defendant's contention, the issuance of an order of protection with respect to the victim's sister was proper, since she was a member of the victim's family and household (see People v Tumolo, 203 AD3d 961, 962; People v May, 138 AD3d 1146, 1147).
Although the defendant did not object to the duration of the orders of protection as failing to credit him for jail time, he had no practical ability to register a timely objection on this ground, since the Supreme Court did not announce the duration of the orders of protection at either the plea or sentencing proceedings (see People v Gonzalez, 207 AD3d 656, 657; People v O'Sullivan, 198 AD3d 986, 987). Thus, the rule of preservation does not apply (see People v Gonzalez, 207 AD3d at 657; People v O'Sullivan, 198 AD3d at 987). As the People correctly concede, the orders of protection issued at the time of sentencing did not credit the defendant for jail-[*2]time served. Thus, we vacate so much of the orders of protection as directed that they remain in effect until and including May 18, 2032, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the orders of protection (see People v Jeremiah, 194 AD3d 840, 842; People v Baker, 179 AD3d 827).
The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05[2]; People v Zhiminaicela-Duchitanga, ___AD3d___, 2023 NY Slip Op 01693 [2d Dept]), and we decline to reach that contention in the exercise of our interest of justice jurisdiction (see People v Colon, 204 AD3d 938; People v Regan, 204 AD3d 833).
DUFFY, J.P., CHRISTOPHER, WOOTEN, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court