People v Sidney (2023 NY Slip Op 06757)

People v Sidney

2023 NY Slip Op 06757

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2021-04133
 (Ind. No. 6366/17)

[*1]The People of the State of New York, respondent,
v
John Sidney, appellant.

Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Rachel Raimondi of counsel; Glen Price on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew J. D'Emic, J.), rendered May 13, 2021, convicting her of robbery in the third degree and petit larceny, upon her plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including May 13, 2033, is vacated, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
Although the defendant did not object to the duration of the order of protection as failing to credit her for jail time, she had no practical ability to register a timely objection on this ground, since the Supreme Court did not announce the duration of the order of protection at either the plea or sentencing proceedings (see People v Delaurentis, 216 AD3d 664, 665; People v Gonzalez, 207 AD3d 656, 657; People v O'Sullivan, 198 AD3d 986, 987). Thus, the rule of preservation does not apply (see People v Delaurentis, 216 AD3d at 665; People v Gonzalez, 207 AD3d at 657; People v O'Sullivan, 198 AD3d at 987). As the People correctly concede, the order of protection issued at the time of sentencing did not credit the defendant for jail time served. Thus, we vacate so much of the order of protection as directed that it remain in effect until and including May 13, 2033, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection (see People v Delaurentis, 216 AD3d at 665; People v Baker, 179 AD3d 827, 828). Pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court