People v Donegan (2024 NY Slip Op 05806)

People v Donegan

2024 NY Slip Op 05806

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2022-02492
 (Ind. No. 1467/19)

[*1]The People of the State of New York, respondent,
v
Giovanni Donegan, appellant.

Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Marie John of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered March 22, 2022, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including March 21, 2043, is vacated, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 559; People v Lopez, 6 NY3d 248, 256). The Supreme Court did not discuss the appeal waiver with the defendant until after the defendant had already admitted his guilt as part of the plea agreement (see People v Hall, 224 AD3d 776, 776; People v Heft, 220 AD3d 806, 806; People v Blake, 210 AD3d 901, 901; People v Adyl K., 187 AD3d 1208, 1209). The written waiver of the right to appeal did not cure this deficiency, as the court did not ascertain on the record whether the defendant had read the written waiver, had discussed it with his attorney, or was aware of its contents (see People v Hall, 224 AD3d at 776; People v Mitchell, 201 AD3d 818, 818; People v Yancy, 165 AD3d 711, 712). Since the defendant did not validly waive his right to appeal, this Court is not precluded from considering the merits of his contention that the sentence imposed was excessive.
Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
"Although the defendant did not object to the duration of the order[ ] of protection as failing to credit him for jail time, he had no practical ability to register a timely objection on this ground, since the Supreme Court did not announce the duration of the order[ ] of protection at either the plea or sentencing proceedings" (People v Delaurentis, 216 AD3d 664, 665; see People v Gonzalez, 207 AD3d 656, 657; People v O'Sullivan, 198 AD3d 986, 987). Thus, the rule of preservation does not apply (see People v Delaurentis, 216 AD3d at 665; People v Gonzalez, 207 AD3d at 657; People v O'Sullivan, 198 AD3d at 987). As the People correctly concede, the order of protection issued at the time of sentencing did not credit the defendant for jail time served. Thus, we vacate so much of the order of protection as directed that it remain in effect until and including March 21, 2043, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection (see People v Delaurentis, 216 AD3d at 665; People v Baker, 179 AD3d 827, 828). Pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court