People v Islam (2024 NY Slip Op 06211)

People v Islam

2024 NY Slip Op 06211

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-08169
2022-08170

[*1]The People of the State of New York, respondent,
v
Nur Islam, appellant. (Ind. Nos. 1613/20, 72665/21)

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Melissa Owen of counsel; Lauren Slattery on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Laura R. Johnson, J.), both rendered September 15, 2022, convicting him of attempted criminal possession of a weapon in the second degree under Indictment No. 1613/20, and criminal trespass in the second degree under Indictment No. 72665/21, upon his pleas of guilty, and imposing sentences. The appeal from the judgment under Indictment No. 72665/21 brings up for review an order of protection issued at the time of sentencing.
ORDERED that the judgment under Indictment No. 1613/20 is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of a mandatory surcharge and fees; as so modified, the judgment is affirmed; and it is further,
ORDERED that upon the appeal from the judgment under Indictment No. 72665/21, so much of the order of protection as directed that it remain in effect until and including September 14, 2033, is vacated, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgment under Indictment No. 72665/21 is affirmed.
As consented to by the People and in the exercise of our interest of justice jurisdiction, we modify the judgment under Indictment No. 1613/20 by vacating the surcharge and fees imposed on the defendant at sentencing (see CPL 420.35[2-a][c]; People v Jaaber, 223 AD3d 685, 685; People v Cabrera, 222 AD3d 878, 879; People v Christopher D., 210 AD3d 905, 905).
Although the defendant did not object to the duration of the order of protection, he had no practical ability to register a timely objection, since the Supreme Court did not announce the duration of the order of protection at either the plea or sentencing proceedings (see People v Gonzalez, 207 AD3d 656, 657; People v O'Sullivan, 198 AD3d 986, 987). Thus, the rule of [*2]preservation does not apply (see People v Gonzalez, 207 AD3d at 657; People v O'Sullivan, 198 AD3d at 987). As conceded by the People on appeal, the duration of the order of protection issued under Indictment No. 72665/21 failed to take into account the defendant's jail-time credits and otherwise exceeded the maximum duration as set forth in CPL 530.12(5) (see People v Lowe, 216 AD3d 670, 671; People v Rodriguez, 203 AD3d 849, 849). Accordingly, we vacate the durational provision of the order of protection and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection.
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court