People v Newman (2025 NY Slip Op 00335)

People v Newman

2025 NY Slip Op 00335

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2019-12737
 (Ind. No. 4439/17)

[*1]The People of the State of New York, respondent,
v
Tamarlon Newman, appellant.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard J. Joblove and Morgan J. Dennehy of counsel; Darci Wen Siegel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barry E. Warhit, J.), rendered October 1, 2019, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including September 30, 2031, is vacated, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
The defendant's contention that the order of protection issued at the time of sentencing should be vacated because the Supreme Court failed to state on the record the reasons for issuing it (see CPL 530.12[5]) is unpreserved for appellate review, since the defendant failed to object to the order of protection at sentencing or otherwise raise the issue before the court (see id. § 470.05[2]; People v Zhiminaicela-Duchitanga, 214 AD3d 1005, 1006; People v Regan, 204 AD3d 833, 833). Under the circumstances presented, we decline to review that contention in the exercise of our interest of justice jurisdiction (see People v Zhiminaicela-Duchitanga, 214 AD3d at 1006; People v Holmes, 206 AD3d 761, 762; People v DeRobertis, 191 AD3d 898, 898).
Although the defendant did not object to the duration of the order of protection as failing to credit him for jail time served, he had no practical ability to register a timely objection on this ground, since the Supreme Court did not announce the duration of the order of protection at either the plea or sentencing proceedings (see People v Sidney, 222 AD3d 1002, 1003; People v Delaurentis, 216 AD3d 664, 665; People v O'Sullivan, 198 AD3d 986, 987). Thus, the rule of preservation does not apply (see People v Sidney, 222 AD3d at 1003; People v Delaurentis, 216 AD3d at 665; People v O'Sullivan, 198 AD3d at 987). The People do not dispute the defendant's [*2]contention that the order of protection issued at the time of sentencing did not credit the defendant for jail time served. Thus, we vacate so much of the order of protection as directed that it remain in effect until and including September 30, 2031, and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection (see People v Sidney, 222 AD3d at 1003; People v Delaurentis, 216 AD3d at 665; People v Baker, 179 AD3d 827, 828). Pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court