People v Beaubrun (2025 NY Slip Op 00328)

People v Beaubrun

2025 NY Slip Op 00328

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2018-12454
 (Ind. No. 217/17)

[*1]The People of the State of New York, respondent,
v
Marck Beaubrun, appellant.

Patricia Pazner, New York, NY (Brian Perbix of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Darci Wen Siegel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered September 7, 2018, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal from the judgment brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including September 16, 2040, is vacated, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that pending the new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of mandatory surcharges and fees; as so modified, the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of burglary in the second degree. At sentencing, surcharges and fees were imposed on the defendant and an order of protection was issued against him. He appeals from the judgment of conviction.
The defendant's contention that the order of protection should be vacated because the Supreme Court failed to articulate on the record its reasons for issuing the order of protection, as required by CPL 530.13(4), is unpreserved for appellate review, as the defendant failed to raise this issue at sentencing or move to amend the order of protection on this ground (see id. § 470.05[2]; People v Nieves, 2 NY3d 310, 316-317). Under the circumstances, we decline to exercise our interest of justice jurisdiction to review this contention (see People v Gonzalez, 207 AD3d 656, 657; People v O'Sullivan, 198 AD3d 986, 987).
Additionally, the defendant contends that the duration of the order of protection exceeds the statutory maximum. "Although the defendant failed to object to the duration of the [*2]order[ ] of protection, [s]ince the Supreme Court did not announce the duration of the order[ ] of protection at either the plea or sentencing proceedings, the defendant had no practical ability to register a timely objection on this ground, and, thus, the rule of preservation does not apply" (People v Gonzalez, 207 AD3d at 657 [internal quotation marks omitted]; see People v O'Sullivan, 198 AD3d at 987). In this case, the duration of the order of protection failed to take into account the defendant's jail-time credits and exceeded the maximum duration as set forth in CPL 530.13(4). Under the circumstances, we vacate the durational provision and remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection (see People v Gonzalez, 207 AD3d at 657; People v Rodriguez, 203 AD3d 849, 849; People v O'Sullivan, 198 AD3d at 987).
Based on the People's consent, and pursuant to the exercise of our interest of justice jurisdiction, we waive the surcharges and fees imposed on the defendant at sentencing (see CPL 420.35[2-a][c]; People v Johnson, 193 AD3d 1076, 1077).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court