People v Alexis (2025 NY Slip Op 00973)

People v Alexis

2025 NY Slip Op 00973

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-01061
 (Ind. No. 883/21)

[*1]The People of the State of New York, respondent,
v
Steven Alexis, appellant.

Patricia Pazner, New York, NY (Alexa Askari of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher J. Blira-Koessler of counsel; Elizabeth Gomiela on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered January 13, 2023, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review two orders of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the orders of protection as directed that they remain in effect until and including January 12, 2034, are vacated, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the duration of the orders of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the orders of protection, the orders of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
Although the defendant did not object to the duration of the orders of protection on the ground that he was not credited for jail time served, he had no practical ability to register a timely objection on that basis, since the Supreme Court did not announce the duration of the orders of protection at either the plea or sentencing proceedings (see People v Vanhoven, 231 AD3d 752, 753; People v Delaurentis, 216 AD3d 664, 665).
As the People correctly concede, the duration of the orders of protection issued at sentencing exceeded the maximum time limit set forth in CPL 530.13(4), since they did not take into account the defendant's jail-time credit. Accordingly, we vacate so much of the orders of protection as directed that they remain in effect until and including January 12, 2034, and remit the matter to the Supreme Court, Queens County, for a new determination of the duration of the orders of protection (see People v O'Sullivan, 198 AD3d 986, 987; People v Sutki S., 185 AD3d 610, 612).
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court