People v Cespedes (2025 NY Slip Op 01229)

People v Cespedes

2025 NY Slip Op 01229

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-01914
 (Ind. No. 510/21)

[*1]The People of the State of New York, respondent,
v
Juan Cespedes, appellant.

Patricia Pazner, New York, NY (Rebekah J. Pazmiño of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel; Elizabeth Gomiela on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J.), rendered January 26, 2023, convicting him of petit larceny, upon his plea of guilty, and imposing sentence. The appeal brings up for review two orders of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the orders of protection as directed that they remain in effect until and including January 25, 2029, are vacated, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the duration of the orders of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the orders of protection, the orders of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
Although the defendant did not object to the duration of the orders of protection as exceeding the maximum time limit set forth in CPL 530.13(4)(B), he had no practical ability to register a timely objection on this ground, since the Supreme Court did not announce the duration of the orders of protection at either the plea or sentencing proceedings (see People v Donegan, 232 AD3d 804, 805-806; People v Delaurentis, 216 AD3d 664, 665). Thus, the rule of preservation does not apply (see People v Gonzalez, 207 AD3d 656, 657; People v O'Sullivan, 198 AD3d 986, 986).
CPL 530.13(4)(B) states that the maximum duration for an order of protection in a case of a conviction for a class A misdemeanor, such as the instant case, is the greater of five years from the date of sentencing or five years from the date of the expiration of the maximum term of a definite or intermittent term of imprisonment actually imposed. Here, the duration of the orders of protection exceeded the maximum time limit set forth in CPL 530.13(4)(B). Accordingly, we vacate the durational provisions of these orders of protection and remit the matter to the Supreme Court, Queens County, for a new determination of the duration of the orders of protection (see People v Gonzalez, 207 AD3d at 657; People v O'Sullivan, 198 AD3d at 986). Pending a new determination as to the duration of the orders of protection, the orders of protection shall remain in effect.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court