People v Samaroo (2025 NY Slip Op 03741)

People v Samaroo

2025 NY Slip Op 03741

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2019-09643
 (Ind. No. 1454/19)

[*1]The People of the State of New York, respondent,
v
Nickolos Samaroo, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Brendan Ransom on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (David J. Kirschner, J.), rendered July 26, 2019, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his sentence constitutes cruel and unusual punishment under the State and Federal Constitutions in light of the immigration consequences of his sentence is unpreserved for appellate review (see CPL 470.05[2]; People v Yentes, 233 AD3d 806, 807). In any event, this contention is without merit (see People v Yentes, 233 AD3d at 807; People v Seenarine, 206 AD3d 765, 766).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Brissett, 196 AD3d 642, 642; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see CPL 470.15[6][b]; People v Janvier, 186 AD3d 1247, 1251-1252; People v Suitte, 90 AD2d 80).
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court