People v Leon (2026 NY Slip Op 00532)

People v Leon

2026 NY Slip Op 00532

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-02064
 (Ind. No. 71750/22)

[*1]The People of the State of New York, respondent,
vDouglas Leon, appellant.

Patricia Pazner, New York, NY (Angad Singh of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Grace O'Brien of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J.), rendered March 2, 2023, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, the order of protection is modified, on the law, by deleting the provision thereof directing that it shall remain in effect until and including March 1, 2032, and substituting therefor a provision directing that it shall remain in effect until and including March 1, 2031; and it is further,
ORDERED that the judgment is affirmed.
The defendant's contention that, in light of the immigration consequences of his sentence, his sentence constitutes cruel and unusual punishment under the State and Federal Constitutions is unpreserved for appellate review (see CPL 470.05[2]; People v Samaroo, 239 AD3d 892, 892). In any event, this contention is without merit (see People v Samaroo, 239 AD3d at 892; People v Yentes, 233 AD3d 806, 807).
Furthermore, the sentence imposed was not excessive (see People v Brisett, 196 AD3d 642, 642-643; People v Janvier, 186 AD3d 1247, 1252).
Although the defendant did not object to the duration of the order of protection, he had no practical ability to register a timely objection on this ground, since the Supreme Court did not announce the duration of the order of protection during either the plea or sentencing (see People v Delaurentis, 216 AD3d 664, 665; People v Gonzalez, 207 AD3d 656, 657). Thus, contrary to the People's contention, the rule of preservation does not apply (see People v Delaurentis, 216 AD3d at 665; People v Gonzalez, 207 AD3d at 657). Furthermore, the duration of the order of protection exceeded the maximum period permissible under CPL 530.13(4)(A). Therefore, we modify the order of protection by providing that it shall remain in effect until and including March 1, 2031 (see People v Villan, 234 AD3d 717, 718; People v Isaacs, 177 AD3d 770, 770).
GENOVESI, J.P., CHRISTOPHER, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court