People v Sosa (2026 NY Slip Op 00915)

People v Sosa

2026 NY Slip Op 00915

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2023-06335
 (Ind. No. 71152/23)

[*1]The People of the State of New York, respondent,
vJesse Sosa, appellant.

Patricia Pazner, New York, NY (Elisabeth R. Calcaterra of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and David Cao of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew A. Sciarrino, Jr., J.), rendered July 7, 2023, convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including July 6, 2034, is vacated, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the duration of the order of protection consistent herewith; and it is further,
ORDERED that pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,
ORDERED that the judgment is affirmed.
Although the defendant did not object to the duration of the order of protection on the ground that he was not credited for jail time served, he had no practical ability to register a timely objection on that basis, since the Supreme Court did not announce the duration of the order of protection at either the plea or sentencing proceedings (see People v Delaurentis, 216 AD3d 664, 665; People v Gonzalez, 207 AD3d 656, 657). Thus, the rule of preservation does not apply (see People v Delaurentis, 216 AD3d at 665). The People do not dispute the defendant's contention that the order of protection issued at the time of sentencing did not credit the defendant for jail time served. Accordingly, we remit the matter to the Supreme Court, Kings County, for a new determination of the duration of the order of protection (see People v Newman, 234 AD3d 877, 878; People v Delaurentis, 216 AD3d at 665).
GENOVESI, J.P., FORD, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court