People v Marrero

2026 NY Slip Op 03002

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Alfredo Marrero, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-00151, (Ind. No. 71606/23)

Angela G. Iannacci, J.P.

Paul Wooten

Laurence L. Love

Elena Goldberg Velazquez, JJ.

Patricia Pazner, New York, NY (Victoria Broderick of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Sonia Suchak of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J.), rendered November 29, 2023, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.

ORDERED that upon the appeal from the judgment, so much of the order of protection as directed that it remain in effect until and including December 20, 2034, is vacated, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the duration of the order of protection consistent herewith; and it is further,

ORDERED that pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect; and it is further,

ORDERED that the judgment is affirmed.

Although the defendant did not object to the duration of the order of protection on the ground that he was not credited for jail time served, he had no practical ability to register a timely objection on that basis, since the Supreme Court did not announce the duration of the order of protection at either the plea or sentencing proceedings (see People v Sosa, 246 AD3d 943, 944; People v Delaurentis, 216 AD3d 664, 665). Thus, the rule of preservation does not apply (see People v Delaurentis, 216 AD3d at 665). The People do not dispute the defendant's contention that the order of protection issued at the time of sentencing did not credit the defendant for jail time served. Thus, we vacate so much of the order of protection as directed that it remain in effect until and including December 20, 2034, and remit the matter to the Supreme Court, Queens County, for a new determination of the duration of the order of protection (see People v Sosa, 246 AD3d at 944; People v Delaurentis, 216 AD3d at 665). Pending a new determination as to the duration of the order of protection, the order of protection shall remain in effect.

IANNACCI, J.P., WOOTEN, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court