People v Newman
2026 NY Slip Op 03456
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Tameka Newman, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-00964, (Ind. No. 75631/22)
Cheryl E. Chambers, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Herbert J. Moses, J.), rendered January 3, 2024, convicting her of attempted assault in the second degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, the order of protection is modified, on the law, by deleting the provision thereof directing that it shall remain in effect until and including January 3, 2033, and substituting therefor a provision directing that it shall remain in effect until and including January 2, 2032; and it is further,
ORDERED that the judgment is affirmed.
While the defendant did not object to the duration of the order of protection issued at the time of sentencing, she had no practical ability to register a timely objection on this ground, since the Supreme Court did not announce the duration of the order of protection during either the plea or sentencing (see People v Delaurentis, 216 AD3d 664, 665; People v Gonzalez, 207 AD3d 656, 657). Thus, contrary to the People's contention, the rule of preservation does not apply (People v Leon, 246 AD3d 766, 766-767; People v Delaurentis, 216 AD3d at 665). As the defendant correctly contends, the duration of the order of protection exceeded the maximum period permissible under CPL 530.13(4)(A), which was eight years from the date of imposition of the defendant's definite sentence of 364 days' incarceration (see id. § 530.13[4][A][i]; People v Bolden, 193 AD3d 1369, 1369-1370; People v Acevedo, 258 AD2d 140, 142). Therefore, at the defendant's request, we modify the order of protection by providing that it shall remain in effect until and including January 2, 2032 (see People v Villan, 234 AD3d 717, 718; People v Isaacs, 177 AD3d 770, 770).
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court